IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FT. WAYNE DIVISION

| | | |
|---|---|---|
| Peggy Flatford, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  1:17-467 |
| Simm Associates, Inc., a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Peggy Flatford, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendant reside and transact business here.

**PARTIES**

3. Plaintiff, Peggy Flatford ("Flatford"), is a citizen of the State of Indiana, residing in the Northern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed for a Build Card account, despite the fact that she had exercised her rights, pursuant to the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in

Chicago, Illinois.

4. Defendant, Simm Associates, Inc. ("Simm"), is a Delaware corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the telephone and/or the mail to collect, or attempt to collect, defaulted consumer debts, including defaulted consumer debts in the State of Indiana. In fact, Simm was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Simm is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Indiana.

6. Defendant Simm is licensed as a debt collection agency in the State of Indiana, see, record from the Indiana Secretary of State, Securities Division, attached as Exhibit B. In fact, Defendant acts as a debt collection agency in Indiana.

## FACTUAL ALLEGATIONS

7. Ms. Flatford is a disabled woman, with limited assets and income, who fell behind on paying her bills, including the debt she allegedly owed for a Build Card account. While Simm was trying to collect this debt from Ms. Flatford, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding Simm's collection actions.

8. Accordingly, on September 13, 2017, one of Ms. Flatford's attorneys at LASPD informed Simm, in writing, that Ms. Flatford was represented by counsel, and directed Simm to cease contacting her, and to cease all further collection activities because Ms. Flatford was forced, by her financial circumstances, to refuse to pay her

unsecured debts.  Copies of this letter and fax confirmation are attached as Exhibit C.

9. Undeterred, Defendant Simm continued to call Ms. Flatford directly, including, but not limited to, a telephone call on September 18, 2017 and also called Ms. Flatford's son regarding payment of the debt.

10. Accordingly, on October 4, 2017 one of Ms. Flatford's LASPD attorneys had to write to Defendant Simm to demand, yet again, that it cease communications and cease collection of the debt.  Copies of this letter and fax confirmation are attached as Exhibit D.

11. Defendant's violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that she had the right to refuse to pay this debt and to demand that collection communications cease, Defendant's continued collection communications made Plaintiff believe that her demand had been futile and that she did not have the rights Congress had granted her under the FDCPA.

12. Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012).  Here, Defendant's actions caused Plaintiff to question whether she was still represented by counsel as to this debt, which caused stress and confusion as to whether she was required to pay the debt at issue.

13. Defendant Simm's collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendant Simm's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd.

3

Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

17. Here, the letter from Ms. Flatford's attorneys at LASPD told Defendant Simm to cease communications and cease collections (Exhibit C). By continuing to communicate regarding payment of this debt, Defendant Simm violated § 1692c(c) of the FDCPA.

18. Defendant Simm's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

21. Defendant Simm knew that Ms. Flatford was represented by counsel in connection with this debt because her attorneys at LASPD had informed Defendant, in writing (Exhibit C), that she was represented by counsel, and had directed Defendant Simm to cease directly communicating with her.  By directly calling Ms. Flatford, despite being advised that she was represented by counsel, Defendant Simm violated § 1692c(a)(2) of the FDCPA.

22. Defendant Simm's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Peggy Flatford, prays that this Court:

1. Find that Defendant Simm's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Flatford, and against Defendant Simm, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Peggy Flatford, demands trial by jury.

Peggy Flatford,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  November 9, 2017

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com